FEDERAL DEPOSIT INSURANCE COR-PORATION as Receiver for National Bank of Washington, Plaintiff,

v.

Robert H. BECKER, et al., Defendants.

Civil No. PJM 95–2242.

United States District Court,
D. Maryland,
Southern Division.

April 9, 1996.

Vanessa Carpenter Lourie, Carpenter, Lourie & Berkowicz, Washington, DC, for Plaintiff.

Sheila J. Carpenter, Sutherland, Asbill and Brennan, Washington, DC, David P. Kennedy, Greer & Kennedy, Towson, Maryland, for Defendant.

*OPINION*

MESSITTE, District Judge.

## I.

Plaintiff Federal Deposit Insurance Corporation ("FDIC"), as receiver for National Bank of Washington ("NBW"), has sued Defendants Robert H. Becker and Alan H. Kaplan to recover monies advanced by FDIC under four letters of credit issued by NBW. FDIC asks for entry of an order of dismissal with prejudice, which Defendants oppose. The Court will GRANT FDIC's motion.

## II.

FDIC's suit seeks reimbursement from Defendants for monies it paid to Sovran Bank/Maryland ("Sovran") pursuant to letters of credit NBW issued in 1988 for Sovran's benefit. Although suit was filed on August 2, 1995, Defendants were granted four extensions of time to respond, only answering on January 30, 1996, just over two months ago. By that time, Defendants had reached a settlement of the claims, in terms that have a direct bearing on the present motion, to wit:

> Since the filing of this action, Defendants and FDIC have entered into a settlement agreement whereby, although denying any liability, Defendants have paid FDIC a certain sum, solely for the purpose of disposing of FDIC's claims and minimizing litigation expenses. FDIC has released Defendants from any claims it has related to this case.

Answer at ¶ 32.

Ten days later, on February 9, 1996, Defendants filed a Third Party Complaint against Nationsbank, N.A. ("Nationsbank"), successor to Sovran, alleging that Sovran's original claim against FDIC was invalid and seeking reimbursement for the amounts Defendants paid FDIC under the settlement agreement.

On February 26, 1996, FDIC filed the present Motion for Entry of Order of Dismissal with prejudice, which Defendants opposed in writing the same day.

## III.

FDIC argues that, since it has settled and released its claims against both Becker and Kaplan and since the settlement was induced, in part, to avoid the expenses and inconvenience of litigation, it is entitled to dismissal. Defendants counter that dismissal would prejudice them in their pursuit of reimbursement from Nationsbank and want FDIC kept in the suit to facilitate discovery in the third-party claim. Alternatively, if the dismissal is granted, Defendants want it conditioned on an assurance of FDIC's availability for discovery as if it were a party.

## IV.

After a defendant has filed an answer, "an action shall not be dismissed at the plaintiff's instance save upon order of the court." Fed.R.Civ.P. 41(a)(2). The grant or denial of voluntary dismissal is a matter of judicial discretion and will be reversed only for abuse of discretion. *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987); *see also Piedmont Interstate Fair Ass'n v. Bean,* 209 F.2d 942, 945 (4th Cir.1954). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis, supra,* at 1273. The district court must focus primarily on protecting the interests of the defendant. *Id.*

## V.

The fact that FDIC seeks dismissal *with* prejudice is of paramount importance. Whenever a suit is dismissed without prejudice under Rule 41(a)(2), the defendant remains under the threat of another lawsuit. But when that threat is removed by a dismissal with prejudice, any injustice to the defendant is significantly lessened. Indeed, Defendants cite no cases in which a court has refused to grant a dismissal with prejudice at plaintiff's request. *Cf. Smoot v. Fox,* 340 F.2d 301, 302 (6th Cir.1964) ("No case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice.").

Equally important is the fact that FDIC has sought dismissal early in the liti-

gation process. Its motion was filed just 27 days after Defendants answered and 17 days after Defendants filed their Third Party Complaint. In sharp contrast, plaintiff in *Piedmont* had actively litigated for more than one year before moving for voluntary dismissal. 209 F.2d at 947. Where, as there, defendants have been forced to spend significant time and expense on litigation only to have the case dismissed without prejudice, a serious claim of prejudice arises. No such claim is tenable here, however; Defendants have barely entered the ring. Moreover, a dismissal with prejudice of the main action will deprive them of no rights. They may always bring another suit on the matter raised in their Third Party Complaint against Nationsbank. *See* 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2373 (1995).

FDIC, on the other hand, would be seriously prejudiced if forced to remain as a party. A key purpose of its settlement agreement with Defendants, as noted, was to avoid the expenses and inconvenience of litigation. FDIC has released its claims against Defendants; to force it to remain in the litigation "for discovery purposes," as Defendants desire, or for any other purpose, would deprive it of the benefit of its bargain. Furthermore, to condition dismissal on FDIC's availability for discovery as if it were a party is inappropriate because the net inconvenience to FDIC would be essentially the same. To the extent that Defendants seek information from FDIC for a lawsuit against Nationsbank or anyone else, they can always seek it in the manner parties normally seek discovery from non-parties.[1]

## VI.

The Court concludes that FDIC's motion for voluntary dismissal with prejudice under Rule 41(a)(2) should be granted. A separate Order implementing the decision will be entered.

---

1. Alternatively or cumulatively, Defendants may have certain rights under the settlement agreements to obtain FDIC's cooperation in any suit against Nationsbank. *See* Opposition to Motion for Entry of Order of Dismissal at 2. The Court, however, is not now interpreting the parties' settlement agreements, which are not otherwise before it.