**Francis W. JASKOT, Plaintiff,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Defendant.**

**No. 94 Civ. 7161 (JGK).**

United States District Court,
S.D. New York.

June 28, 1996.

period before its expiration.

Francis W. Jaskot, Woodbridge, NJ, pro se.

Marianne T. O'Toole, Assistant United States Attorney, New York City, for Defendant.

## OPINION AND ORDER

KOELTL, District Judge:

The plaintiff Francis Jaskot moves for a voluntary dismissal of this action without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). The defendant opposes this motion and would agree to the dismissal of this case only if the dismissal were with prejudice. For the following reasons, the plaintiff's motion is granted.

The plaintiff commenced this action on October 3, 1994. After a pretrial conference with the parties, the Court fixed October 27, 1995 as the date by which discovery was to be completed and August 3, 1995 as the deadline for filing dispositive motions. Although the Court never extended the discovery cutoff date, the plaintiff claims discovery was not completed until December 1995 at the earliest. The defendant has, among other things, served interrogatories and document requests, issued subpoenas to secure the plaintiff's medical records, obtained the plaintiff's tax return, and deposed the plaintiff. (O'Toole Dec. ¶ 7.)

On April 12, 1996, the defendant served its Memorandum of Law in support of its motion to dismiss this action pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6), or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56. On April 19, 1996, the defendant served a revised Memorandum of Law in order to comply with this Court's page limits. During the period of April 23–26, 1996, the plaintiff indicated to the defendant's counsel that he wished to dismiss his complaint without prejudice. The defendant did not agree to stipulate to the dismissal of this case, and on May 1, 1996 filed its motion to dismiss. The defendant had requested and received numerous extensions to file a dispositive motion, and the dispositive motion deadline was extended eight and a half months, from August 3, 1995 to April 19, 1996. The plaintiff filed his motion for a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2) on May 6, 1996.

■ Fed.R.Civ.P. 41(a)(2) authorizes a court to permit a plaintiff to voluntarily dismiss a complaint. Fed.R.Civ.P. 41(a)(2). It is within the discretion of the trial court to grant a voluntary dismissal if the other party will not be prejudiced; however, "[v]oluntary dismissal without prejudice is ... not a matter of right." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.), *cert. denied*, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990). The mere prospect of a second lawsuit or some tactical disadvantage is not sufficient legal prejudice to prevent a Rule 41(a)(2) dismissal. *See United States v. One 1990 Artic Cat Ext. Snowmobile ID No. 9137046*, 92 Civ. 5196, 1996 WL 132107, at *1 (S.D.N.Y. Mar. 22, 1996); *Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308, 310 (E.D.N.Y.1993) (Glasser, J.) ("The defendants' primary concerns—expenditure of resources, extensive discovery, and the delay that will occur if the action is dismissed and resumed in state court—alone are not suffi-

**374**

cient to defeat a 41(a)(2) motion to dismiss."); *see also* Wright & Miller, 9 *Federal Practice & Procedure: Civil 2d* § 2364 (1995). There are several factors to consider in deciding whether to grant a motion pursuant to Fed. R.Civ.P. 41(a)(2) without prejudice:

> the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on the plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; the duplicative expense of relitigation; and the adequacy of the plaintiff's explanation for the need to dismiss.

*Zagano,* 900 F.2d at 14.

 The plaintiff indicates that he wishes to dismiss this action because he seeks to combine all of his pending complaints against the defendant in one action rather than nine separate actions in order to reduce litigation costs. He claims that he has no intention of refiling this complaint as an individual action, but that he would like the dismissal of this case to be without prejudice so that he could rely on the events alleged in this complaint in a subsequent action.

The defendant argues that the plaintiff's motion should be denied because it was filed a year and a half after the suit commenced, more than six months after the close of discovery, and after the defendant had filed a motion to dismiss the complaint. The defendant contends that the plaintiff seeks a dismissal in order to avoid an adverse judgment on the summary judgment motion that would have collateral estoppel or res judicata effect in subsequent litigation.

The defendant has not demonstrated legal prejudice sufficient to bar the plaintiff's motion for a voluntary dismissal of this action under Rule 41(a)(2). Although this case has been pending for a year and a half, the plaintiff correctly points out that much of the delay in this case was caused by repeated extensions of time granted to the defendant to file a dispositive motion and by prolonged settlement discussions. As indicated above, the mere fact that the plaintiff may seek to include the allegations contained in this complaint in a subsequent proceeding is not sufficient legal prejudice. In any event, the time and expense the defen-

dant incurred to gather the facts, file a motion to dismiss, and conduct discovery will not be wasted if these allegations do in fact appear in a subsequent complaint. To the extent that the claims reappear, the same arguments and facts can be used at that time. The plaintiff's present motion to dismiss was made before the motion for summary judgment was fully briefed and considered and before the parties engaged in final pretrial preparation and submitted the pretrial order. Finally, the plaintiff's asserted reason for seeking the dismissal of this action, that is, so he can consolidate his claims against this defendant in one action, serves the interests of judicial economy.

### CONCLUSION

For the foregoing reasons, the plaintiff's motion pursuant to Fed.R.Civ.P. 41(a)(2) to dismiss this action without prejudice is granted.

**SO ORDERED.**