**Antoinette D'ALTO; Nicholas D'Alto, Plaintiffs–Appellees,**

v.

**DAHON CALIFORNIA, INC., Defendant–Appellant.**

**No. 14, Docket 95–7503.**

United States Court of Appeals, Second Circuit.

Argued Sept. 11, 1996.

Decided Nov. 18, 1996.

Dean A. Cambourakis, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for defendant-appellant.

David S. Haberman, Haberman & Olivieri, Garden City, NY, for plaintiffs-appellees.

Before: MINER, ALTIMARI, and PARKER, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellant Dahon California, Inc. ("Dahon") appeals from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*), dismissing the plaintiffs-appellees' case without prejudice pursuant to Fed.R.Civ.P. 41(a)(2), and with leave to reinstate the case in state court. We conclude that the district court failed to consider controlling precedent, and, accordingly, remand for further consideration.

### Background

The plaintiffs Antoinette and Nicholas D'Alto (the "D'Altos") commenced a products liability action against Dahon on October 15, 1993, arising out of an allegedly defective bicycle manufactured by Dahon and purchased by the D'Altos. Discovery was completed by December 5, 1994, and the case was then marked ready for trial with jury selection scheduled for February 13, 1995. On February 8, 1995, Dahon submitted its proposed voir dire questions to the court.

Despite every appearance that the case was going to proceed, on February 13, 1995, the date set for jury selection, the D'Altos' attorney informed the court that he was withdrawing from the case and that the D'Altos were going to obtain new counsel. Consequently, jury selection was rescheduled for April 17, 1995. The D'Altos obtained new counsel who, in a phone conference, informed the district court that he would be withdrawing the case. On April 25, 1995, the day jury selection was actually to occur, the following exchange occurred between the court and the parties:

THE COURT: After conferring with counsel, to refresh our recollection, the previous lawyer, Edwin Mulhern [ph], has been relieved, and David S. Haberman, Esquire, is investigating to see whether he will take this case or not. And in a conference in my chambers Mr. Haberman indicated to me he would take the case, if he had an opportunity to start anew, so to speak, in the case.

Without making any comments on what has happened up to now, he will certainly not [be] able to have that opportunity here in the federal court, where discovery has been completed some time ago, and where the case is marked for trial, namely, to pick a jury this morning.

What is your application, Mr. Haberman?

MR. HABERMAN: Under the circumstances which the court has just described, and to add a little more to the record, I would like it to reflect I have met with Mrs. D'Alto, the client, and her husband. We have had hours of meetings. I reviewed the file as presented to me by Mr. Mulhern, and after conferring with the client based on the information I have, and with her approval and direction, I would like to withdraw or discontinue the action presently before the court with[out] prejudice.

. . . .

MR. CAMBOURAKIS: I would like the record to reflect that the defendant is fully prepared for a trial. We are ready to go. I object to the application and put in opposition to the application because we are ready to proceed with trial and jury selection.

. . . .

THE COURT: Based upon the representation of counsel, while I cannot open discovery and start all over again in this case as if this is a new action, because when you retain a new lawyer you can't start all over again and say I didn't like what happened with the first lawyer, I want to have another chance. We just

don't allow that, because the defendants have rights as well.

I certainly feel that the interests of justice require me to grant the application to discontinue this action without prejudice and with leave to renew by another action in the state court.

So, while there may be some inconvenience to the defendant, I find no prejudice to the defendant, other than having to start all over again. But that is not prejudice in the legal sense.

MR. CAMBOURAKIS: And incur perhaps double the expense.

THE COURT: The expense is also not prejudice. As I understand prejudice, it is if a witness is permanently ill, a key witness, and you were going to lose that witness, then I would say go ahead. But otherwise I will allow in the interests of justice plaintiff to discontinue without prejudice and with leave to renew in the state court.

Accordingly, the district court dismissed the federal action.

Dahon now appeals contending that the district court erred as a matter of law in dismissing the action without prejudice to reinstate in state court. The D'Altos did not file an appeal brief.

### Discussion

■ Once a defendant has answered a complaint, a plaintiff may no longer dismiss his suit as a matter of right. Under such circumstances, Fed.R.Civ.P. 41(a)(2) provides in relevant part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Rule 41(a)(2) dismissals are at the district court's discretion and only will be reviewed for an abuse of that discretion. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

■ A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced thereby." *Wakefield v. Northern Telecom Inc.*, 769 F.2d 109, 114 (2d Cir.1985). The United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice. *See Jones v. Securities & Exchange Commission*, 298 U.S. 1, 19, 56 S.Ct. 654, 659, 80 L.Ed. 1015 (1936) ("The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint ... unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter."). However, it also noted an exception to the rule; namely when "'the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action. Having been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to a decree.'" *Id.* at 20, 56 S.Ct. at 659 (*quoting Ex parte Skinner & Eddy Corp.*, 265 U.S. 86, 93–94, 44 S.Ct. 446, 448, 68 L.Ed. 912 (1924)).

In *Zagano*, this Court delineated a number of factors that are relevant in determining whether a case has proceeded so far that dismissing it in order for the plaintiff to start a separate action would prejudice the defendant. These factors include: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d at 14; *see also Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y.1986); *Harvey Aluminum Inc. v. American Cyanamid Co.*, 15 F.R.D. 14, 18 (S.D.N.Y.1953).

■ Here, the record indicates that the district court failed to consider the *Zagano* factors in assessing whether the case had proceeded so far along that the defendant would be prejudiced by granting the plaintiffs' application for withdrawal of the case without prejudice to reinstating it in the state court. Thus, the district court's statement that "having to start all over again" does not constitute legal prejudice is premature; that conclusion is permissible only af-

ter consideration of the *Zagano* factors. Moreover, its statement that the expense to the defendant of having to defend again in the state court "is also not prejudice" is incorrect, to the extent that expense is a relevant factor in determining prejudice which must be considered together with the other *Zagano* factors. Finally, no reason was offered by plaintiffs, and none was sought by the court, as to why venue in the state court would be more favorable. Certainly, the plaintiffs' reason is relevant to the court's consideration of several of the *Zagano* factors. *Cf. Wakefield,* 769 F.2d at 114 ("Weight must also be given to the fact that [defendant] has had to defend this claim, and considerations of fairness require some showing as to the plaintiff's need to pursue it a second time elsewhere.").

Without its consideration of the *Zagano* factors, we cannot assess whether the district court abused its discretion in granting the plaintiffs' motion. *See Shapiro v. Cadman Towers, Inc.,* 51 F.3d 328, 332 (2d Cir.1995) (abuse of discretion typically involves application of incorrect legal standard or clearly erroneous finding of fact). Accordingly, we remand the case for further consideration in light of *Zagano.* Our decision herein in no way precludes the district court from imposing any terms and conditions it may deem proper pursuant to Rule 41(a)(2), should it ultimately conclude that an order of dismissal without prejudice to reinstate the action in the state court is appropriate.

On a final note, we wish to express our displeasure with plaintiffs' failure to file an appeal brief.

### Conclusion

For the reasons stated above, the judgment of the district court is remanded for reconsideration in light of *Zagano v. Fordham University,* 900 F.2d 12 (2d Cir.1990).