| | SOURCE NAME | POINT OF DIVERSION 40 ACRE PARCEL DESCRIPTION |
|---|---|---|
| **PROOF NO.:** 04466 | | |
| **CLAIMANT:** E. WAYNE & JEAN N. HAGE | | |
| | TRAGEDY SPRING | SECTION: 33 T. 11 N. R. 48 E. NW ¼ NW ¼ |
| | UPPER SCUFFE SPRING | SECTION: 31 T. 11 N. R. 48 E. SE ¼ SE ¼ |
| **DRAINAGE AREA:** BARLEY CREEK AND TRIBUTARIES (MEADOW CANYON AND WIDOW SMITH CREEK) | LEE'S CAMP SPRING | SECTION: 32 T. 11 N. R. 48 E. NW ¼ SW ¼ |
| | CAVENAUGH SPRING | SECTION: 12 T. 10 N. R. 47½ E. SE ¼ SE ¼ |
| | SCUFFE SPRING | SECTION: 7 T. 10 N. R. 48 E. NE ¼ SE ¼ |
| | HIDE OUT SPRING | SECTION: 8 T. 10 N. R. 48 E. NE ¼ SW ¼ |
| **USE:** STOCKWATER | HOLD UP SPRING | SECTION: 13 T. 10 N. R. 47½ E. SE ¼ SW ¼ |
| | WILSON SPRING | SECTION: 18 T. 10 N. R. 48 E. SW ¼ SW ¼ |
| | RIM SPRING | SECTION: 19 T. 10 N. R. 48 E. NW ¼ NE ¼ |
| **PRIORITY DATE:** 1874 | MERLINO SPRING | SECTION: 25 T. 10 N. R. 47½ E. NW ¼ NE ¼ |
| | SWITCHBACK SPRING | SECTION: 30 T. 10 N. R. 48 E. SE ¼ SW ¼ |
| | RED ROCK SPRING | SECTION: 30 T. 10 N. R. 48 E. NE ¼ NE ¼ |
| **REMARKS:** STOCKWATER SOURCES FILED UNDER PROOF OF APPROPRIATION FOR IRRIGATION | SOUTH POINT SPRING | SECTION: 29 T. 10 N. R. 48 E. SE ¼ SW ¼ |
| | LOWER HAYSTACK SPRING | SECTION: 16 T. 10 N. R. 47 E. NE ¼ NW ¼ |

Billy P. WHYDE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 00–199C.

United States Court of Federal Claims.

Feb. 6, 2002.

Daniel H. Klos, Columbus, OH, for plaintiff.

Lee J. Freedman, Washington, DC, with whom was Assistant Attorney General Robert D. McCallum, Jr., for defendant. Bryan R. O'Boyle, Air Force Legal Services, Arlington, VA, of counsel.

### ORDER

MILLER, Judge.

This case is before the court on plaintiff's motion to voluntarily dismiss his amended complaint without prejudice, ostensibly pursuant to RCFC 41(a)(2). Defendant, which has expended resources in responding to the amended complaint with a dispositive motion, requests that the court only grant dismissal with prejudice. Thus, the issue is whether plaintiff has made a sufficient showing to warrant his abandoning the action at this time without adverse consequences. Argument is deemed unnecessary.

### FACTS

Billy P. Whyde ("plaintiff") was a civilian employee at Newark Air Force Base (the "Base") in Ohio. In May 1996 plaintiff received notice that, in the course of privatizing the Base's operations, the Government would eliminate plaintiff's job. The Government and the former Rockwell International Corporation ("Rockwell") * entered into a contract transferring operation of the Base to Rockwell. The contract required Rockwell to give certain displaced workers the right of first refusal for job vacancies for which they were qualified. Although plaintiff submitted an application to Rockwell, Rockwell did not offer plaintiff a job, but Rockwell did hire other individuals who previously worked on the Base when it was operated by the Government.

On October 8, 1997, plaintiff filed suit in the United States District Court for the Southern District of Ohio against Rockwell and the United States. On November 9, 1999, the district court transferred plaintiff's claims for money damages against the Unit-

---

* The Boeing Company is the successor in interest to Rockwell, which in December 1996 began operations as Boeing North American, Inc., a wholly-owned subsidiary of the Boeing Company.

ed States to the Court of Federal Claims. On May 16, 2000, plaintiff filed a first amended complaint. Defendant responded with a motion to dismiss or, in the alternative, for a more definite statement. By order entered on April 20, 2001, the court denied defendant's motion to dismiss, but granted its motion for a more definite statement. Plaintiff filed a second amended complaint on May 15, 2001. Defendant responded with a motion for summary judgment. Rather than respond to defendant's motion, plaintiff moved to dismiss his amended complaint without prejudice.

## DISCUSSION

Under RCFC 41(a)(1), a plaintiff unilaterally may dismiss his action at any time prior to service of an answer or a response by filing a notice of dismissal. After service of an answer or response, however, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." RCFC 41(a)(2). A voluntary dismissal is without prejudice, unless otherwise specified in the order. *Id.* RCFC 41(a)(2) is identical to FED. R. CIV. P. 41(a)(2) in these respects, and the construction given to the federal rule informs the court's analysis. *See* RCFC 1(b).

■ The decision whether to grant or deny a motion for voluntary dismissal lies within the sound discretion of the court. *E.g., D'Alto v. Dahon Cal., Inc.,* 100 F.3d 281, 283 (2d Cir.1996); *Deuterium Corp. v. United States,* 21 Cl.Ct. 132, 134 (1990). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir. 1987). Although the Federal Circuit has not had occasion to address the contours of this discretion, other circuits have identified a number of factors that influence the court's decision. In *D'Alto* the Second Circuit considered: (1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including defendant's efforts and expense in preparation for trial; (4) the duplicative expense of

relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. 100 F.3d at 283. In *Pace v. S. Express Co.,* 409 F.2d 331, 334 (7th Cir.1969), the Seventh Circuit weighed against dismissal without prejudice: (1) defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by defendant.

■ The court perceives no neglect or dilatory tactic in plaintiff's motion to dismiss. Plaintiff is a retiree with limited funds, and, as many others whose cases are transferred to this court, finds himself litigating in two separate fora. Discovery in plaintiff's district court action recently began, and plaintiff represents that he is unable to prosecute both claims at once.

While the court "must keep uppermost in mind the [a]ffected interests of the defendant, because it is its position which must be protected," *Standard Space Platforms Corp. v. United States,* 38 Fed.Cl. 461, 467 (1997) (citing *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976)), "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit," *Paulucci,* 826 F.2d at 782; *accord Conafay By Conafay v. Wyeth Labs.,* 793 F.2d 350, 353 (D.C.Cir. 1986); *Le Compte,* 528 F.2d at 604. The court appreciates the time and effort that defendant has invested in this action. Plaintiff filed his first amended complaint in this court almost two years ago. Nonetheless, defendant has asserted only facial challenges to plaintiff's pleadings—a motion to dismiss, followed by one for summary judgment. The pending motion for summary judgment is not predicated on the underlying facts of this case, which the parties yet have to develop. *Compare Pace,* 409 F.2d at 334 (affirming denial of motion to dismiss without prejudice where motion for summary judgment pending after "considerable discovery had been undertaken at substantial cost to the defendant"). Should plaintiff refile his complaint, defendant's motion for summary judgment

can be submitted without expending more effort. Mindful that justice delayed can often amount to justice denied, the court is confident that this case does not test that maxim.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED,** as follows:

Plaintiff's motion to voluntarily dismiss is granted, and the Clerk of the Court shall dismiss plaintiff's amended complaint without prejudice.