William P. BROWN, Plaintiff,

v.

Sergeant Jane B. BROWN, in her professional and individual capacities; Deputy Sheriff Eugene F. Brosnan, in his professional and individual capacities; Undersheriff Donald Sullivan, in his professional and individual capacities; Sheriff Alfred Tisch, in his professional and individual capacities; County of Suffolk, New York; John Does; Jane Does, Defendants.

No. CV 03–3359 ADS ARL.

United States District Court,
E.D. New York.

Nov. 5, 2004.

William P. Brown, Medford, NY, Pro Se Plaintiff.

Alan R. Barr, Esq., Patchogue, NY, Joseph C. Stroble, Esq., Sayville, NY, Co-counsels for the defendants Sergeant Jane B. Brown and Deputy Sheriff Eugene F. Brosnan.

Suffolk County Attorney's Office, Hauppauge, NY, by Arlene S. Zwilling, Assistant County Attorney, Attorneys for the defendants Undersheriff Donald Sullivan, Sheriff Alfred Tisch, and the County of Suffolk.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case presents the interesting and rarely encountered issue of when a plaintiff may discontinue an action with prejudice in the face of opposition. Pending before the Court are motions by the *pro se* plaintiff William P. Brown ("Plaintiff"), and defendant Eugene Brosnan for voluntary dismissal. Plaintiff requests that the action be dismissed in its entirety with prejudice and without costs to any party. Brosnan requests that the Court voluntarily dismiss his counterclaim without prejudice and seeks sanctions against the Plaintiff.

### I. BACKGROUND

On July 10, 2003, the Plaintiff commenced this action against his spouse Sergeant Jane B. Brown, and Eugene Brosnan (collectively the "Defendants"), along with Undersheriff Donald Sullivan, Sheriff Alfred Tisch, and the County of Suffolk alleging, among other things, unlawful search and seizure, malicious abuse of process, larceny, forgery, endangering the welfare of a child, intentional infliction of emotional distress, and negligence. On July 25, 2003, the Plaintiff filed an amended complaint. On August 14, 2003, the Defendants filed a motion to dismiss, which was denied by the Court on November 7, 2003. On January 5, 2004, the Defendants filed an answer to the amended complaint and a counterclaim. On February 11, 2004, the Plaintiff filed an answer to the Defendants counterclaim. On March 2, 2004, the Plaintiff attempted to

withdraw his complaint but the request was returned by the Court for his failure to comply with local rules. On March 17, 2004, the Plaintiff advised the Court that he wished to withdraw from the action, and the Court recommended that the parties file a stipulation of discontinuance. Thereafter, it appears that the Plaintiff and the defendant Brosnan could not reach an agreement on whether to dismiss action with or without prejudice, which is the subject of the dispute presently before the Court.

On June 23, 2004, both parties submitted motions for voluntary dismissal. The Plaintiff insists on dismissal with prejudice, so that he may comply with a settlement agreement between the Plaintiff and defendant Brown, in resolution of a matrimonial action before the New York Supreme Court. The terms of the agreement required the Plaintiff to withdraw this action with prejudice and refrain from filing any similar action. Brosnan opposes dismissal with prejudice in order to preserve his right to pursue his counterclaims alleging malicious prosecution and abuse of process in State court. The Plaintiff declines to agree to dismissal unless it is with prejudice. The Court will now address each request.

## II. DISCUSSION

Generally, a plaintiff may voluntarily dismiss a claim without leave of court before the defendant serves an answer or a motion for summary judgment. Fed. R.Civ.P. 41(a)(1). Where, as here, a defendant has answered the complaint, a plaintiff may no longer dismiss an action as a matter of right. *See D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir.1996). Under such circumstances, the provisions of Rule 41(a)(2) apply, which provides:

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2). These same rules are also apply to the voluntary dismissal of counterclaims. *See* Fed.R.Civ.P. 41(c).

In this case, Brosnan raised the counterclaims of malicious prosecution and abuse of process before the Plaintiff filed his motion to voluntarily dismiss. Thus, the first question before the Court is whether the "counterclaim[s] can remain pending for independent adjudication by the court." Fed.R.Civ.P. 41(a)(2). If the answer is yes, then the Court may proceed to determine whether the plaintiff should be permitted to dismiss the action. On the other hand, if the counterclaims cannot exist alone, the Court is precluded from allowing the action to be dismissed over the objection of a defendant.

 Brosnan's counterclaims arise under New York law, and by themselves, cannot be adjudicated by the Court without a pending federal claim. As stated in Rule 41(a)(2), if a defendant's counterclaims cannot stand alone the Court is precluded from allowing the action to be dismissed. However, the fact that the counterclaims cannot stand alone does not end the Court's inquiry. A district court may dismiss a claim sua sponte if the court believes it to be frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–64 (2d Cir.2000)

("[D]istrict courts are especially likely to be exposed to frivolous actions and, thus, have a great[ ] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Courts also have the power to dismiss without leave to amend or replead in "extraordinary circumstances, such as where . . . the substance of the claim pleaded is frivolous on its face. . . ." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citing *Moorish Science Temple of Am., Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir.1982)). In the interest of judicial economy, the Court will examine whether Brosnan's counterclaims are meritorious, and thereby warrant forcing the Plaintiff into litigating an action that he seeks to withdraw.

▆ In order to prevail in an action for malicious prosecution under New York law, a claimant must show that a previous action was initiated with malice, without probable cause to believe it can succeed, and that it ended in failure or, in other words, terminated in favor of the party now claiming malicious prosecution. *See Engel v. CBS, Inc.*, 145 F.3d 499, 502 (2d Cir.1998); *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir.1996) (citing *Broughton v. State*, 37 N.Y.2d 451, 457, 335 N.E.2d 310, 314, 373 N.Y.S.2d 87, 94 (1975)). In addition, if the action was a civil action, as opposed to a criminal action, the claimant must prove a special injury, namely, interference with person or property that is beyond the ordinary burden of defending a lawsuit. *Engel*, 145 F.3d at 502.

▆▆ An abuse of process claim has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective. *Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 480 N.Y.S.2d 466, 469 N.E.2d 1324 (1984). In *Curiano*, the New York Court of Appeals held that the institution of a civil action by summons and complaint is not considered "regularly issued process" capable of being abused. *Id.* at 116–17, 469 N.E.2d at 1326, 480 N.Y.S.2d at 468; *PSI Metals, Inc. v. Firemen's Ins. Co.*, 839 F.2d 42, 43 (2d Cir.1988). Like malicious prosecution, a party "must allege and prove actual or special damages in order to recover." *Bd. of Ed. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Assoc., Inc.*, 38 N.Y.2d 397, 405, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975); *see, e.g., Jacques v. DiMarzio, Inc.*, 216 F.Supp.2d 139, 142 (E.D.N.Y.2002); *Honzawa v. Honzawa*, 268 A.D.2d 327, 701 N.Y.S.2d 411, 413 (1st Dep't 2000).

▆ The Court finds that Brosnan's counterclaims are utterly devoid of any factual or legal basis. The answer pleads a counterclaim for "Malicious Prosecution (Bad Faith Litigation)," (Defs.' Answer ¶¶ 11–21), and all of the allegations relate solely to the commencement of the present civil lawsuit. A claim of malicious prosecution cannot be base on a pending proceeding. Likewise, a claim for abuse of process cannot lie solely on the commencement of a civil action. Furthermore, Brosnan does not allege any special damage beyond the normal burden of defending the instant lawsuit. The damages that Brosnan claims are directly related to the present lawsuit, and only include bare allegations of emotional distress, pain, and suffering. Thus, it appears that Brosnan's counterclaim is utterly frivolous on its face and warrants dismissal without leave to amend.

Now that the counterclaims will no longer be pending, the Court can determine whether the plaintiff is entitled to an order granting the voluntary dismissal of his action with prejudice. The decision whether to grant a motion for voluntary dismissal under Rule 41(a)(2) rests with the sound discretion of the trial court. *D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir.1996); *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir.1990). The primary purpose of Rule 41(a)(2) is to protect the interests of the defendants. *See Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993).

The fact that the Plaintiff seeks dismissal with prejudice is important. "Whenever a suit is dismissed without prejudice under Rule 41(a)(2), the defendant remains under the threat of another lawsuit. But when that threat is removed by a dismissal with prejudice, any injustice to the defendant is significantly lessened." *F.D.I.C. v. Becker,* 166 F.R.D. 14, 15 (D.Md.1996) (citing *Smoot v. Fox,* 340 F.2d 301, 302 (6th Cir.1964) ("No case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice.")). The only defendant in this action that opposes the Plaintiff's request to end this action is Brosnan, who claims it will prejudice his pending counterclaims. Having dismissed the counterclaims, and with no objection from any other party in this action, the Court now grants Plaintiff's request to end this action with prejudice.

Brosnan also requests leave of the Court to move for sanctions, claiming that the Plaintiff brought a frivolous action and refused to agree to the Defendant's request for voluntary dismissal without prejudice. Considering that, as discussed above, Brosnan has engaged in similar conduct, the Court denies his request for sanctions.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the defendants' counterclaims are dismissed with prejudice; and it is further

**ORDERED,** that the Plaintiff's motion for voluntary dismissal with prejudice is **GRANTED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to close the case.

**SO ORDERED.**