Jonathan **PAULINO**, Plaintiff,

v.

Correction Officer **TAYLOR**, et al., Defendants.

**15 Civ. 5869 (RWS)**

United States District Court, S.D. New York.

Signed 03/15/2017

Counsel for Plaintiff, BROOKLYN LAW SCHOOL LEGAL SERVICES CORPORATION, 250 Joralemon Street, Brooklyn, NY 11201, By: Susan Victoria Hazeldean, Esq.

Counsel for Defendant, NEW YORK CITY LAW DEPARTMENT, 100 Church Street, New York, NY 10007, By: Cherie Nicole Brown, Esq.

---

### ORDER

Sweet, D.J.,

Plaintiff Jonathan L. Paulino, now Sophie Paulino–Cadle, ("Paulino–Cadle" or the "Plaintiff") has moved to dismiss her complaint without prejudice under Fed. R. Civ. P. 41(a)(2) in the aim of refiling this action without being subject to the Prison Litigation Reform Act ("PLRA") and has moved to compel the New York Department of Correction ("NYC DOC") to comply with its obligations under Local Civil Rule 33.2. As set forth below, this motion to dismiss without prejudice is granted, and the motion to compel is denied as moot.

### I. Prior Proceedings

On July 23, 2015, the Plaintiff filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Correction Officer Taylor, Captain Stevens, Department of Correction Commissioner Ponte, Otis Bantum Correctional Center Facility, Warden Stukes, and the City of New York (collectively, the "Defendants"). Plaintiff was pro se and incarcerated at the time. Less than 30 days after filing this action, Plaintiff was released from detention, and on September 24, 2015, she filed an amended complaint (the "Amended Complaint").

Plaintiff's motion to compel was marked fully submitted on August 11, 2016. The motion to dismiss was heard and deemed fully submitted on January 19, 2017.

### II. Applicable Standards

Federal Rule 41(a)(2) provides that, absent the defendant's consent, an action may be dismissed by the plaintiff "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* Voluntary dismissal without prejudice is not a matter of right. However, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 CIV. 9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006)(internal quotation marks and citation omitted). "The focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 123 (S.D.N.Y. 2000).

The United States Supreme Court and the Second Circuit have recognized that "starting a litigation all over again does not constitute legal prejudice." *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015 (1936) ("The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter.")); *see also Klar v. Firestone Tire & Rubber Co.*, 14 F.R.D. 176, 176 (S.D.N.Y. 1953) (granting a plaintiff's Rule 41(a)(2) motion so that he could commence the action in Ohio instead of New York upon finding no legal prejudice and no abusive intent). Instead, legal prejudice requires that "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be preju-

diced by being remitted to a separate action." *Jones,* 298 U.S. at 20, 56 S.Ct. 654.

### III. The Motion to Dismiss Without Prejudice is Granted

■ In *Zagano v. Fordham University,* the Second Circuit set forth five factors that a court must consider in determining whether a defendant will suffer legal prejudice: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d 12, 14 (2d Cir. 1990). In the circumstance "where no possibility of relitigation at the instance solely of the plaintiff exists, the *Zagano* factors have little, if any, relevance." *Camilli v. Grimes,* 436 F.3d 120, 123 (2d Cir. 2006). However, the *Zagano* factors apply where, as here, the moving party is seeking to have the "unfettered opportunity to renew claims" against the non-moving party. *Id.*; *see also D'Alto,* 100 F.3d at 283–84.

■ The Defendants have not demonstrated legal prejudice sufficient to bar the Plaintiff's motion for a voluntary dismissal of this action under Rule 41(a)(2). *See Jaskot v. Brown,* 167 F.R.D. 372, 374 (S.D.N.Y. 1996) ("[T]he mere fact that the plaintiff may seek to include the allegations contained in this complaint in a subsequent proceeding is not sufficient legal prejudice."). The balance of the *Zagano* factors weighs in favor of the Plaintiff.

With respect to the first *Zagano* factor, the Plaintiff has acted with diligence given the circumstances of the case. This case has been pending before this Court for over a year. *See In re Bank of Am. Mortg. Servicing S'holder Derivative Litig.,* No. 11 CIV. 2475, 2012 WL 1506271, at *2 (S.D.N.Y. Apr. 4, 2012). ("When assessing a plaintiff's diligence, courts consider the length of time the action has been pending."). However, this is largely the consequence of motions for extensions of time or to stay the action filed by the Defendants between December 2015 and April 2016. Additionally, while Plaintiff moved to compel discovery from the Defendants before she sought to stay the matter to obtain counsel, there were less than ten days between the two motions, and discovery had not yet "beg[un] in earnest." *SEC v. One or More Unknown Purchasers of Sec. of Telvent GIT, SA,* No. 11 CIV. 3794, 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013). Plaintiff was proceeding as a *pro se* litigant until October 2016. Shortly after she retained counsel, Plaintiff seems to have been made aware of the implications of the PLRA, and she filed this motion shortly thereafter. *See Ascentive, LLC v. Opinion Corp.,* No. 10 CIV. 4442, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012) (finding that the plaintiff was diligent because it "moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action.").

■ The second *Zagano* factor, whether the plaintiff was unduly vexatious in pursuing the motion, weighs heavily in Plaintiff's favor. Vexatiousness refers to instances in which "the case was brought to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.,* 206 F.R.D. 350, 356 (E.D.N.Y. 2002), or the plaintiff had "ill-motive," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.,* No. 5 CIV. 3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008). Courts find ill-motive where, for example,

> the plaintiff never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed, thereby seeking the advantage of filing its charges without having to support them; or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal.

*Banco Cent. De Paraguay,* 2006 WL 3456521, at *5 (internal quotation marks and citations omitted). The Defendants argue that the Plaintiff had previously intended to pursue her claims but now aims to refile the matter in this Court without being subject to the PLRA is evidence of undue vexatiousness. The mere fact that Plaintiff seeks to

refile without the limitations of the PLRA does not qualify as unduly vexatious. No harassment of Defendants or ill-motive is present here.

▮ The third *Zagano* factor is the extent to which the suit has progressed, including the defendant's efforts and expenses in preparation for trial. This factor also weighs in Plaintiff's favor. As Judge Swain has observed, "[c]ourts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate." *Baldanzi v. WFC Holdings Corp.*, No. 07 CIV. 9551, 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010); *see also Shaw*, 2008 WL 4127549, at *7 ("The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance.") (internal quotation marks and citation omitted)). This factor is emphasized because it is often a strong indicator of whether the case has reached a prejudicial point—the key inquiry in evaluating a motion to dismiss without prejudice. *SEC v. Compania Internacional Financiera S.A.*, No. 11 CIV. 4904, 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012) ("The most important inquiry remains whether the defendant will suffer substantial prejudice as a result of a dismissal without prejudice.").

▮ "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12 CIV. 2237, 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013). Defendants concede that this matter is in the early stages of discovery. There has been no trial preparation, no filing of counterclaims, no summary judgment briefing, and no other dispositive motion practice. Neither party has served any interrogatories or document requests. No one has been deposed. *See id.; see also Hinton v. Monster Worldwide, Inc.*, No. 09 CIV. 2629, 2009 WL 4249130, at *3 (S.D.N.Y. Nov. 24, 2009) ("In this case, Defendant filed a motion

to dismiss, the Parties have engaged in no discovery, and there are no counterclaims. With the exception of the Monster's motion, the litigation has not proceeded so far as to cause prejudice to Monster, and their litigation effort does not weigh against granting Hinton's motion."). Little discovery has taken place here, and the discovery which was requested or provided is that which is mandated in prisoner *pro se* actions by Local Rule 33.2. Thus, the suit has not progressed to a prejudicial point.

The early stage of this litigation is also relevant to the fourth *Zagano* factor: the potential duplicative expense of relitigation. Defendants emphasize this factor as the primary reason why they would be prejudiced by the granting of this motion. Yet, as noted above, there has been no motion practice in this case aside from a motion to compel by the Plaintiff, and very little has been done by way of discovery. *See BD ex rel. Jean Doe*, 193 F.R.D. at 124 (dismissing a case without prejudice even though "the case is trial ready"). Further, the discovery efforts made thus far by the Defendants will remain relevant upon Plaintiff's refiling of the litigation. *See In re Fosamax Prods. Liab. Litig.*, Nos. 6 MDL 1789, 6 CIV. 5088, 2008 WL 5159778, at *3 (S.D.N.Y. Dec. 9, 2008) (granting a Rule 41(a)(2) motion even though the parties had taken depositions and reviewed a production of medical records because the discovery would "remain of value" and "not need to be duplicated" upon refiling); *Jaskot*, 167 F.R.D. at 374 ("In any event, the time and expense the defendant incurred to gather the facts, file a motion to dismiss, and conduct discovery will not be wasted if these allegations do in fact appear in a subsequent complaint.").

The fifth and final *Zagano* factor on the adequacy of Plaintiff's explanation ultimately weighs in Plaintiff's favor, as well. Plaintiffs seeks to avoid the statutory implications of the PLRA, which limits prisoners' ability to recover attorney's fees and requires physical injuries for prisoners to bring suit. *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e (2016). The statute only applies to incarcerated plaintiffs, and Plaintiff was, indeed, incarcerated when she filed this action *pro se*

mere weeks before her release. If the Plaintiff "had simply waited a few weeks to file her suit in the first place, the PLRA would not have been implicated at all." *Morris v. Eversley*, 343 F.Supp.2d 234, 244 (S.D.N.Y. 2004). Defendants raise the point that, if the PLRA no longer applies, they lose a potential statutory affirmative defense and Plaintiff's potential recovery for attorney's fees is no longer statutorily limited. They argue that they would be legally prejudiced by such a result. This argument is insufficient to overcome the Plaintiff's explanation, which avoids what Judge Chin has called the "absurd" result of "impos[ing] attorneys' fees limits on a plaintiff who files a [ ] non-frivolous civil rights action while a prisoner, but is released from prison ... weeks later and retains lawyers when she is no longer a prisoner." *Morris*, 343 F.Supp.2d at 244. Regardless, "any shortcomings in plaintiff's explanation are not sufficient to overcome the other four factors," because the final *Zagano* factor, "although surely relevant ... is alone not dispositive." *Pfizer, Inc.*, 2013 WL 2391713, at *5 (quoting *Benitez v. Hitachi Metals Am., Ltd.*, No. 11 CIV. 6816, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012).

The Court concludes that dismissal without prejudice is in the interest of justice.

## IV. Conclusion

Based on the conclusions set forth above, the motion to dismiss the amended complaint without prejudice is granted, and accordingly, the Plaintiff's motion to compel is denied as moot Plaintiff is granted leave to refile within 20 days; otherwise, this case is dismissed with prejudice.

It is so ordered.