08-3547-pr (L), 08-3791-pr (XAP)
Smalls v. Mussem

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand nine.

PRESENT:   JOHN M. WALKER, JR.,
                    JOSEPH M. McLAUGHLIN,
                    REENA RAGGI,
                                    *Circuit Judges.*

------------------------------------------------------------------

ERIC SMALLS,
            *Plaintiff-Appellant-Cross-Appellee*,

                            v.                                          Nos.   08-3547-pr (L)
                                                                                    08-3791-pr (XAP)

RONALD MUSSEM, Correction Officer,
            *Defendant-Appellee*,

DALE LaCLAIR, Sgt. Clinton Correctional Facility;
HENRY LaFOREST, Correction Officer; DENNIS
BOUVIER, Correction Officer; TERRY ALLEN,
Correction Officer; JAMES CANNING, Correction
Officer; R. MITCHELL, Correction Officer; R.
MOORE, Correction Officer,
            *Defendants-Appellees-Cross-Appellants*.

------------------------------------------------------------------

SUBMITTING FOR APPELLANT:    Eric Smalls, *pro se*, Attica, New York.

SUBMITTING FOR APPELLEES:    Rajit S. Dosanjh, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General *on the brief*), *for* Andrew Cuomo, Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 11, 2008, is AFFIRMED in part and REVERSED in part.

Plaintiff Eric Smalls, a New York State prisoner, appeals pro se from the dismissal with prejudice of his complaint filed pursuant to 42 U.S.C. § 1983 charging the named New York State correction officers with the use of excessive force in violation of the Eighth Amendment proscription against cruel and unusual punishment. Defendants' counsel, the New York State Attorney General, cross-appeals the district court's order that it pay $2,000 in jury costs as a sanction for delaying trial. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Smalls's Appeal

Where, as here, a challenged dismissal is ordered on a plaintiff's own motion, see

2

Fed. R. Civ. P. 41(a)(2), our review is limited to abuse of discretion, see Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006). Smalls asserts that the district court abused its discretion by using threats of possible criminal prosecution to prompt his request to withdraw his action.

While we reject Smalls's threat charge, the district court's remarks were not as precise as one might wish. The disclosure of Smalls's felony assault conviction in connection with the very prison disturbance that was the basis for his excessive force claim understandably raised perjury concerns if Smalls denied assaultive behavior in a sworn statement to the court, as the district court indicated he had. Nevertheless, it would have been preferable for the district court to warn Smalls of a possible criminal referral by reference only to his statements, without any mention of continuance of his § 1983 action. See Tr., June 11, 2008, at 24 ("I just want to warn you now, if you continue with the case, I may very well have to refer this matter, after it is over, depending on what your testimony is, to the U.S. Attorney's office to determine whether or not charges should be made against you for perjury."). Indeed, the possibility of confusion on this point was increased by the district court's suggestion that "if you want to discontinue the case, I would consider this the end of it." Id. at 25.

Nevertheless, our concerns do not rise to the level of due process. On more than one occasion, the court indicated to Smalls that his "testimony" would be the critical fact in determining whether he should be prosecuted for perjury. See id. at 24-25. Further, the court specifically told Smalls he had a "right" to continue the § 1983 action. Id. at 25.

3

Finally, Smalls was afforded an opportunity to consult with counsel before deciding to withdraw, thereby allowing him to clarify any possible confusion from the court's remarks.

The record of Smalls's actual withdrawal of his action indicates both his understanding that the dismissal would be with prejudice and his voluntary assent to such a dismissal. Although Smalls now regrets that decision, we are not persuaded that the choice was infected by any denial of constitutional rights. Cf. Town of Newton v. Rumery, 480 U.S. 386, 393 (1987) (noting various contexts in which criminal defendants "are required to make difficult choices that effectively waive constitutional rights"). Accordingly, we identify no abuse of discretion in the district court's dismissal of the complaint with prejudice.

2. The State's Cross-Appeal

The Attorney General asserts that the district court's imposition of jury costs was not supported by Northern District of New York Local Rule 47.3.[1] While we accord "considerable deference" to the district court's interpretation and application of its own local rules, Whitfield v. Scully, 241 F.3d 264, 270-71 (2d Cir. 2001); see also LoSacco

---

[1]Although the district court referenced Local Rule 47.5 in imposing costs, see Tr., June 11, 2008, at 30, that rule – prohibiting contact between jurors and parties – seems inapt. Local Rule 47.3 authorizes the assessment of jury costs "[w]henever any civil action scheduled for jury trial is postponed, settled or otherwise disposed of in advance of the actual trial," unless the parties notify the court at least one full business day before trial is set to begin.

4

v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995), this is one of those rare cases where the district court's sanction did not fall within the range of permissible decisions, cf. Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001). Notably, the record indicates that neither party sought to adjourn trial on the scheduled date, June 10, 2008. Rather, the district court adjourned the case sua sponte, apparently to allow the parties and the court time to consider the Attorney General's disclosure of Smalls's assault conviction. In imposing costs the next day, the district court explained that the Attorney General had been guilty of "gross negligence and malpractice" in investigating Smalls's record, observing that the court "should have been advised" of this information "long before." Tr., June 11, 2008, at 28.

In fact, nothing in the record indicates a defense obligation – whether by rule or pre-trial order – to disclose this potential impeachment information to the plaintiff or to the court in advance of trial. Indeed, Smalls himself was already aware of the information. That Smalls concealed the fact of his assault conviction from his own attorney, his adversary, and the court hardly warrants sanctioning defense counsel. Nor do we think that a party can be sanctioned under Local Rule 47.3 for belated discovery of facts that might have strengthened its settlement hand. A party pays for any such ineptitude by incurring the expenses of prolonged litigation.

A district court may well conclude, upon disclosure of unanticipated information, that justice can be better served by a short delay in jury selection, but where, as here, the

5

Attorney General's disclosure of Smalls's record was not in violation of any pre-trial schedule established by the court, did not prompt any party's request for adjournment, and did not actually preclude the court from selecting a jury on the scheduled date, we conclude that the district court exceeded its discretion in imposing a sanction under Local Rule 47.3.

We have considered the parties' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED insofar as it dismissed Smalls's complaint and REVERSED insofar as it imposed $2,000 in costs on the Attorney General.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk


By:_____