Anthony BROWN, Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.

No. CV 10–2812.

United States District Court,
E.D. New York.

May 24, 2013.

Hach & Rose, LLP by Mark Glen Sokoloff, Esq., New York, NY, David Lockard & Associates, P.C. by David L. Lockard, Esq., Philadelphia, PA, for Plaintiff.

Landman Corsi Ballaine & Ford P.C. by Ronald E. Joseph, New York, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a case commenced pursuant to the Federal Employer Liability Act, 45 U.S.C. § 51, in which Plaintiff Anthony Brown ("Plaintiff") seeks damages stemming from an incident that occurred while he was working for Defendant National Railroad Passenger Corporation (hereinafter "Amtrak"). Presently before the court is Plaintiff's motion to voluntarily dismiss the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below the motion is granted.

## BACKGROUND

### I. Factual Background

On or about August 7, 2009, while Plaintiff was working as an Amtrak lineman in Newark, New Jersey, he fell and was injured. According to Plaintiff, the fall was caused by an improperly constructed, and insufficiently illuminated stairwell. Plaintiff suffered injury to his right ankle, foot and toes. To date, Plaintiff continues to be treated for his injuries, including several recent procedures and surgeries. Plaintiff seeks damages for physical and emotional injuries, including lost wages.

### II. Prior Proceedings

While this case has been pending since 2010, the continuing treatment of Plaintiff's injury has led to several extensions of time and discovery cut off-dates. The first extension of time was granted in March of 2011, by the then-assigned Magistrate Judge Wall. In April of 2011, this court agreed to have this case closed so that Plaintiff could continue treatment without engaging in further litigation. The case was re-opened upon application of the parties in October of 2011, and the parties were referred to the Magistrate Judge for supervision of further pretrial proceedings. At a subsequent conference, that court set January 31, 2012 as the discovery cut-off date, but granted leave to conduct expert discovery at any time prior to trial.

On November 22, 2011, then-newly appointed Magistrate Judge Brown inherited this case from the prior Magistrate Judge. In early January of 2012, citing the Plaintiff's upcoming surgical procedures, the parties sought to extend discovery to April 30, 2012. That extension was granted. In February of

2012, Plaintiff's newly engaged counsel informed the court that Plaintiff would be undergoing additional surgery on March 28, 2012, and sought a further extension of discovery and other pretrial deadlines. On March 1, 2012, Magistrate Judge Brown extended fact discovery to July 30, 2012, and expert discovery to October 1, 2012. Shortly thereafter, upon request of the parties, the Magistrate Judge extended all discovery to October 1, 2012.

On July 26, 2012, Plaintiff commenced an action in the State Court of the State of New Jersey (the "New Jersey Action"). The New Jersey Action was commenced by Plaintiff pursuant to FELA, names Amtrak as a defendant, and arises from the same incident forming the basis of this action. Shortly thereafter, on August 7, 2012, Plaintiff, preferring to pursue his claim in the context of the newly filed New Jersey Action, sought leave pursuant to Rule 41(a)(2), to voluntarily discontinue this action. In view of the fact that Magistrate Judge had scheduled a settlement conference, this court referred the Rule 41 motion to that court.

### III. *The August 16, 2012 Proceeding Before the Magistrate Judge*

On August 16, 2012, the parties appeared before Magistrate Judge Brown for a status/settlement/Rule 41 conference. During the course of those proceedings, Defendant made clear that Amtrak opposed the motion for voluntary withdrawal to the extent that it would allow Plaintiff to proceed with his claim in the context of the New Jersey Action. The Magistrate Judge made inquiry as to whether Defendant could force Plaintiff to continue in this court rather than in New Jersey. He also made clear to the parties that this case was likely one of the oldest cases pending before this court, and that he intended to move the case forward. After extensive argument, and a valiant attempt to settle this matter, Magistrate Judge Brown set a date certain for an outstanding deposition, and proposed that the Plaintiff agree to discontinue this action with the right to re-open, at any time, in case the matter was not settled. Counsel agreed with the Magistrate Judge's suggestion as to discontinuance of this action with the right to re-open if the matter was not settled. Plaintiff's counsel did not agree, however, to discontinue the New Jersey Action. Instead, he indicated that he would have to take that matter under advisement.

### IV. *Proceedings Before This Court*

On March 7, 2013, Plaintiff submitted, for this court's signature, an order voluntarily dismissing this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. In light of the fact that Plaintiff did not agree to discontinue the New Jersey Action, Amtrak opposed the motion. This court denied the motion to withdraw, without prejudice to renewal upon full briefing. The parties have now briefed the dismissal motion and it is presently before the court.

### DISCUSSION

### I. *Legal Principles: Rule 41*

Rule 41(a) of the Federal Rules of Civil Procedure sets forth the procedure to be followed where a plaintiff seeks to voluntarily discontinue an action. A case can be voluntarily dismissed without court approval upon agreement of all parties, or by plaintiff alone if dismissal is sought prior to service of an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1). Under other circumstances, a plaintiff can voluntarily withdraw an action pursuant to Rule 41(a)(2) only "upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).

The court has discretion to deny voluntary withdrawal. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990). In the absence of prejudice to the defendant, however, dismissal is generally allowed. *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir.2001); *Leonard v. Abbott Laboratories, Inc.*, 2012 WL 764199 *7 (E.D.N.Y.2012).

In addition to the issue of prejudice, the Second Circuit has noted a second line of authority with respect to the issue of whether a case may be voluntarily dismissed. *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir.2006). That line of authority requires the court to consider certain enumerated fac-

tors which include: "(1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano*, 277 F.3d at 110.

■ It should be noted that even the prospect of starting an entirely new litigation, along with the attendant additional expense, does not translate to legal prejudice sufficient to deny a motion to voluntarily withdraw. *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir.1996); *Staten Island Terminal, LLC v. Elberg*, 2012 WL 1887126 *3 (E.D.N.Y.2012). *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 355 (E.D.N.Y.2002). Nor does the uncertainty associated with an unresolved dispute constitute legal prejudice. *Staten Island Terminal*, 2012 WL 1887126 *3. Instead, legal prejudice in the context of a Rule 41 motion is defined as "the impairment of some legal interest, some legal claim, or some legal argument." *Coffaro v. Crespo*, 2013 WL 623577 *2 (E.D.N.Y.2013) (citations omitted). Legal prejudice would occur, for example, if dismissal of the plaintiff's case also impairs the ability of a defendant to pursue a counterclaim in the same action that plaintiff seeks to dismiss. *Staten Island Terminal*, 2012 WL 1887126 *3.

■ Additionally, the age of a case, standing alone, does not require a finding of prejudice or otherwise require denial of a motion to withdraw. Even where a case is several years old, a motion to withdraw is properly granted where the matter has not progressed beyond the discovery stage. *See Coffaro*, 2013 WL 623577 *1. Indeed, courts have continually recognized that the age of a case in which the parties have not proceeded beyond the discovery stage does not preclude voluntary dismissal. *See id., see also Catanzano*, 277 F.3d at 110 (holding district court should have allowed dismissal in nine year old case in light of fact that claim had "thus far not been litigated and only halting discovery [had] taken place"); *Parker v. Tougher Indus., Inc.*, 2013 WL 316389 *2 (N.D.N.Y.

2013) (granting motion to dismiss without prejudice in seven year old case).

With the foregoing principles in mind, the court turns to the merits of Plaintiff's motion.

## II. *Disposition of the Motion*

■ Upon consideration of the issue of prejudice and the factors set forth above, the court grants the motion to voluntarily withdraw this case. As to prejudice, the only issue identified by Amtrak is prejudice to its counsel, who is located in New York. Amtrak does not deny however, that the same firm representing it here has offices in New Jersey. While this may result in some additional legal expense, it does not prejudice Amtrak in the legal sense. Nor can Amtrak deny that Plaintiff had the right to commence this action in the New Jersey state court in the first instance. Importantly, the accident at issue occurred while the Plaintiff was working in Newark, New Jersey, which is therefore where witnesses are located. Likewise, Plaintiff's medical experts are located near to the courthouse where the New Jersey Action is pending.

In addition to finding a lack of legal prejudice, the court also finds that the *Zagano* factors do not required denial of the motion to dismiss. The mere passage of time in asserting the motion does not dictate a finding that plaintiff has been either less than diligent or vexatious to the point where he must continue to litigate in this forum. While the almost three year pendency of this case is a fact that gives this court pause, it does not, under all circumstances, require denial of Plaintiff's motion. Significantly, the matter was stayed for a period of time to allow Plaintiff to obtain medical treatment. Moreover, any discovery taken herein, including the extensive production of medical records, will certainly be useful in the context of the New Jersey Action. Plaintiff's continuing need for medical treatment necessitates the continuation of discovery which can be seamlessly continued in the context of the New Jersey Action. *See Shah v. RBC Capital Markets Corp.*, 2011 WL 2638139 *2 (S.D.N.Y.2011) (noting that discovery developed during federal court proceeding could

be later used in context of state court proceeding).

In sum, the court can find that neither prejudice nor that the consideration of the *Zagano* factors require denial of the motion to voluntarily withdraw this action. Accordingly, the motion to withdraw is granted.

## CONCLUSION

Plaintiff's motion to voluntarily withdraw this action without prejudice is granted. The Clerk of the Court is directed to terminate the motion appearing as docket entry number 40 and to thereafter close the file in this case.

SO ORDERED.