23-86-cv (L)
Travco Ins. Co. v. Dinerman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-three.

PRESENT:  DENNIS JACOBS,
          RAYMOND J. LOHIER, JR.,
          WILLIAM J. NARDINI,
                    *Circuit Judges.*

-------------------------------------------------------------------
TRAVCO INSURANCE COMPANY, AS
SUBROGEE OF ERIC VICTOR,

      *Plaintiff-Counter-Defendant-Appellee,*

    v.                                    Nos. 23-86-cv(L),
                                             23-163-cv(CON)

SALLY DINERMAN, IRA DINERMAN,

      *Defendants-Counter-Claimants-Appellants.**
-------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLEE:

Daniel J. Krisch, Halloran & Sage LLP, Hartford, CT

FOR DEFENDANTS-COUNTER-CLAIMANTS-APPELLANTS

Sally Dinerman, *pro se*, Brooklyn NY; Ira Dinerman, *pro se*, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellants Sally and Ira Dinerman, proceeding *pro se*, appeal the judgment and various orders of the United States District Court for the Eastern District of New York (Gonzalez, *J.*) granting the appellee's motion for voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2), denying their motion for attorneys' fees, and denying their motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This appeal stems from an action brought by Travco Insurance Company ("Travco") against the Dinermans as a result of fire and water damage to an

2

apartment insured by Travco.   Travco blamed the Dinermans, who lived in an

adjoining apartment, for the damage and sought to recover over $161,000.   Years

into the litigation, the Dinermans mailed Travco a check for $20,000—an amount

corresponding exactly to a settlement offer that they had previously made to

Travco.   Travco cashed the check and informed the Dinermans that it fully

settled Travco's claims against them.   After the Dinermans refused to sign a

stipulation of dismissal, Travco moved under Rule 41(a)(2) to voluntarily dismiss

its case against the Dinermans with prejudice.   The Dinermans filed a response

that the District Court construed as opposing Travco's motion and also moving

for attorneys' fees.   The District Court granted Travco's motion to voluntarily

dismiss the case with prejudice and denied the Dinermans' motion for attorneys'

fees and their subsequent motion for reconsideration.[1]

## I.   Voluntary Dismissal Under Rule 41(a)(2)

We review a voluntary dismissal under Rule 41(a)(2) for abuse of

---

[1] Travco raises a challenge to this Court's appellate jurisdiction.   A party ordinarily lacks standing to appeal an order unless aggrieved by it, and by extension cannot appeal a judgment or decree entered in his or her favor.   *See Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir. 1994).   Because the District Court's judgment could be viewed as ratifying the existence of a settlement agreement that the Dinermans dispute, the Dinermans are sufficiently aggrieved by the District Court's judgment to have standing to appeal.

discretion.  *Correspondent Servs. Corp. v. First Equities Corp.*, 338 F.3d 119, 124 (2d Cir. 2003).   We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest."   *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

Here, the dismissal *with prejudice* of the claims against the Dinermans has "the effect of a final adjudication on the merits *favorable"* to them.   *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986) (emphasis added).   In other words, the Dinermans won the case below and cannot be sued again by Travco for claims arising from the apartment fire.   *See id.* at 60–61.   On appeal, they nevertheless claim that they never agreed to settle with Travco and want Travco to return the $20,000 payment.   In effect, the Dinermans challenge the Rule 41(a)(2) dismissal on the ground that it prevents them from recovering that payment.

We are not persuaded.   While we review Rule 41(a)(2) dismissals for possible harm to the defendant when the plaintiff's claims are dismissed *without* prejudice, we do not do the same for claims that are dismissed *with* prejudice. *Cf. Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (finding, in the context of evaluating a Rule 41(a)(2) dismissal without prejudice, that factors such as "vexatiousness on the plaintiff's part" and "the extent to which the suit has

4

progressed" have "little relevance" when "no possibility of relitigation at the instance solely of the plaintiff exists"). And while the District Court here assumed without deciding in its dismissal order that the parties had reached a settlement, the dismissal was premised on the plaintiff's desire to discontinue the case, not the existence of a settlement. *See* Fed. R. Civ. P. 41(a)(2) (providing that a dismissal pursuant to a court order may be conditioned on terms that the court considers proper).

Because the District Court did not finally decide whether there was a settlement, that issue remains unresolved. The dismissal itself does not prevent the Dinermans from challenging the existence of the settlement and attempting to recoup the $20,000 payment in a separate action. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005) (noting that issue preclusion applies under New York law only if "the issue in question was actually and necessarily decided in a prior proceeding" (quotation marks omitted)); *see In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2d Cir. 2000) (finding a lack of prejudice in denial of motion to intervene when a party "remain[ed] free to file a separate action"); *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("[S]tarting a litigation all over again does not constitute legal prejudice.").

5

In summary, the Dinermans have not shown that the District Court abused its discretion in granting the motion for voluntary dismissal or denying the motion for reconsideration. *See Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016).

## II. Motion for Attorneys' Fees

We review the denial of attorneys' fees for abuse of discretion. *Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 151 (2d Cir. 2013). "Under the prevailing American rule, in a federal action, attorneys' fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Odeon Capital Grp. LLC v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017) (quotation marks omitted). However, "[p]ursuant to its inherent equitable powers . . . a court may award attorneys' fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quotation marks omitted). Here, the Dinermans failed to show that Travco's subrogation claim was meritless or brought for improper purposes. *See Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000). We accordingly affirm the District Court's order denying the motion for attorneys' fees.

## CONCLUSION

We have considered the Dinermans' remaining arguments and conclude

6

that they are without merit.   For the foregoing reasons, the judgment of the

District Court is AFFIRMED.

FOR THE COURT:
Cathrine O'Hagan Wolfe, Clerk of Court