ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Wolverine Tube, Inc. | ) ASBCA No. 63877 |
| | ) |
| Under Contract No. FA8534-21-D-0002 | ) |

APPEARANCE FOR THE APPELLANT:    Bret S. Wacker, Esq.
    Clark Hill PLC
    Detroit, MI

APPEARANCES FOR THE GOVERNMENT:    Caryl A. Potter, III, Esq.
    Air Force Deputy Chief Trial Attorney
    Christopher J. Hilborn, Esq.
    Sanique J. Balan, Esq.
    Trial Attorneys

ORDER OF DISMISSAL WITHOUT PREJUDICE

Appellant, Wolverine Tube, Inc. (Wolverine), requests that we dismiss this appeal without prejudice. For the reasons set forth below, we grant its motion. We also grant the government's request to file a sur-reply to Wolverine's motion.

BACKGROUND

Wolverine filed this appeal on April 12, 2024, from the deemed denial of its claim for convenience termination costs. On July 30, 2024, the parties filed a Joint Notice of Proposed Schedule in which they "jointly elected to proceed under ASBCA Rule 11 on the issues related to Appellant's entitlement to its claimed categories of termination costs."

The parties then filed cross-motions for summary judgment on entitlement. In a January 22, 2026 decision, the Board granted, in part, Wolverine's summary judgment motion, and denied the government's cross-motion. *See Wolverine Tube, Inc.*, ASBCA No. 63877, slip op. (Jan. 22, 2026). After reviewing the Board's decision, which recognized that a reasonableness determination under Federal Acquisition Regulation 31.201-3(a) requires consideration of the "nature and amount" of questioned costs, the government notified Wolverine and the Board that it intended to proceed to a hearing under Rule 10, rather than on a written record under Rule 11.

In contrast, Wolverine still wanted to proceed under Rule 11. Given that the government no longer waived its right to a hearing, the Board gave Wolverine a

choice: (1) it could proceed to hearing under Rule 10; or (2) it could proceed under a hybrid approach in which it presented its case-in-chief on the written record under Rule 11, while the government presented its case-in-chief in a hearing under Rule 10. Wolverine then filed a motion to dismiss the appeal without prejudice.

According to the dismissal motion, Wolverine lacks the resources to pursue this appeal under Rule 10 and finds the hybrid approach unsatisfactory (app. mot. at 1). In response, the government contends that "Wolverine has made no effort to demonstrate good cause warranting dismissal without prejudice or an indefinite stay pursuant to Board Rule 18" (gov't resp. at 2). The government further asserts that the requested relief is prejudicial given the government resources committed to investigating Wolverine's allegations and preparing discovery requests, and because several witnesses may be unavailable due to health or age if Wolverine refiles the appeal in the future (*id.* at 2-3).

In its reply, Wolverine asserts that the government "deliberately mischaracterizes Appellant's motion as being sought under ASBCA Rule 18" and clarifies that it seeks dismissal under the Board's inherent authority to grant such relief (app. reply br. at 1). Wolverine emphasizes that the requested relief is warranted here because its "financial calculus fundamentally changed following [the government's] late in the game revised election for a Rule 10 proceeding, i.e., more than 18 months after the Complaint in this Appeal was filed" (*id*. at 2).

Finally, the government requested leave to file a sur-reply to address Wolverine's allegation that the government "deliberately mischaracterize[d]" Wolverine's request and to show that "[t]he Board does not have authority under the [Contract Disputes Act] and Board Rules" to dismiss this appeal without prejudice (gov't sur-reply br. at 1-2).

For the reasons set forth below, we grant Wolverine's motion to dismiss without prejudice. We also grant the government's request to file a sur-reply.

DECISION

## I. The Board Has Inherent Authority To Dismiss This Appeal Without Prejudice

The government contends that the Board lacks inherent authority to grant an unconditional dismissal without prejudice; rather, the Board's authority to dismiss without prejudice arises exclusively under Rule 18(b)—meaning that any such dismissal is subject to a one-year limit on reinstatement (gov't sur-reply at 1-2). We disagree.

The Contract Disputes Act (CDA) requires the Board to "issue a decision in writing or take other appropriate action on each appeal submitted[.]" 41 U.S.C. § 7105(g). Although neither the CDA nor the Board Rules define "other appropriate action," the government contends that the only "other appropriate action" in this case is "dismissal without prejudice under Rule 18" (gov't sur-reply br. at 2). In turn, Rule 18 recognizes that certain appeals before the Board "are required to be placed in a suspense status and the Board is unable to proceed with the disposition thereof for reasons not within the control of the Board." Rule 18(b). To the extent that such appeals may remain in suspense status "for an inordinate length of time, the Board may dismiss such appeals from its docket for a period of time without prejudice to their restoration." *Id.* "Unless either party or the Board moves to reinstate the appeal within the time period set forth in the dismissal order, or if no time period is set forth, within one year from the date of the dismissal order, the dismissal shall be deemed to be with prejudice." *Id.* Thus, the government reads the CDA and our Rules to mean that we lack inherent authority to grant an unconditional dismissal without prejudice; rather, our authority to dismiss without prejudice derives from Rule 18, so any such dismissal is subject to a one-year limit on reinstatement (gov't sur-reply at 2).

We do not read the CDA or our Rules to preclude us from granting an unconditional dismissal without prejudice. To begin, the CDA provides that the Board "may grant any relief that would be available to a litigant asserting a contract claim in the United States Court of Federal Claims[.]" 41 U.S.C. § 7105(e)(2). The Court of Federal Claims possesses authority to grant an unconditional dismissal without prejudice under Rule 41(a)(2) of the Rules of the Court of Federal Claims; thus, the Board possesses that authority, too.

Moreover, Rule 18(b) provides a procedural mechanism to dismiss an appeal without prejudice subject to a one-year limit on reinstatement in a specific scenario: when an appeal is suspended for reasons outside the Board's control and the Board cannot proceed with its disposition. But that rule does not constrain the Board's inherent authority to grant an unconditional dismissal without prejudice in other circumstances. *See Kellogg Brown & Root Servs., Inc.*, ASBCA Nos. 57530, 58161, 13-1 BCA ¶ 35,243 at 173,021 (recognizing our "inherent authority and discretion to manage our docket and to . . . dismiss appeals without prejudice in appropriate circumstances"). For instance, we routinely grant unconditional dismissals without prejudice for lack of jurisdiction. *See, e.g.*, *West Point Utilities, LLC*, ASBCA No. 63006, 25-1 BCA ¶ 38,901 at 189,371; *LR Gen. Solutions, LLC*, ASBCA No. 63458, 23-1 BCA ¶ 38,403 at 186,608. In addition, we have granted unconditional dismissals without prejudice in other circumstances that do not fit within Rule 18(b): by agreement of the parties, *see Jacobs Tech., Inc.*, ASBCA No. 63618, 2023 WL 4535904 (June 23, 2023); to allow the contractor to amend its complaint to plead an essential element of its claim, *see Mindseeker, Inc.*, ASBCA No. 63197, 24-1 BCA ¶ 38,666 at 187,961; and to allow the contracting officer to rescind a final

decision to permit negotiations, *see Sungwoo E&C Co.*, ASBCA No. 60855, 2017 WL 2267008 (May 12, 2017)—just to name a few. Here, too, because this appeal does not fit with Rule 18(b), we need not place a time limit on reinstatement if we dismiss without prejudice.

Accordingly, the Board's authority to take "other appropriate action" under the CDA includes its inherent authority to grant an unconditional dismissal without prejudice. We now turn to whether the Board should exercise that authority here.

## II. Wolverine Has Demonstrated That Dismissal Without Prejudice Is Warranted

Because "[w]e do not have a rule governing when an appellant may withdraw an appeal, . . . we look for guidance to the Federal Rules of Civil Procedure." *TranLogistics LLC*, ASBCA No. 61436, 18-1 BCA ¶ 37,043 at 180,329. Under Rule 41(a)(2) of the Federal Rules of Civil Procedure (FED. R. CIV. P.), after a party files a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Federal courts recognize two standards for determining whether dismissal without prejudice is warranted under Rule 41(a)(2). Under the first standard, "dismissal [without prejudice] should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *In re Lowenschuss*, 67 F.3d 1394, 1399-400 (9th Cir. 1995) (citations omitted); *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) ("in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result") (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 85-577 (11th Cir. 1986)). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may[,] on refiling[,] deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

Under the second standard, courts consider several non-exclusive factors: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camili v. Grimes*, 436 F.3d 120, 124 (2d Cir. 2006); *see also Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) (applying a multi-factor test).

Here, both standards support dismissal without prejudice under the Board's inherent authority to grant such relief. To begin, the government has not shown that granting Wolverine's motion will result in "clear legal prejudice." *See Goodwin*, 757 F.3d at 1219. We have not issued a decision on the merits, discovery has just started, and the government would not lose a defense if the case were dismissed. Although we recognize that witnesses may be unavailable in the future for various reasons, their unavailability is likely to harm Wolverine more than the government given that Wolverine bears the burden of proving that its costs are allowable.*

The five factors also support dismissal without prejudice. First, Wolverine was diligent in bringing its dismissal motion as it filed the motion within 30 days of our decision on the parties' cross-motions for summary judgment. Second, Wolverine's dismissal motion was motivated by its financial calculus, rather than a desire to obtain a tactical advantage. Third, we have not issued a decision on the merits and discovery has just begun. Fourth, Wolverine provided an adequate explanation. According to its motion, Wolverine previously understood that both parties wanted to proceed under Rule 11. After the government clarified its intent to proceed under Rule 10, Wolverine determined that the burden of a hearing outweighed the potential benefit and found the proposed hybrid approach unsatisfactory. Fifth, as to the expense of relitigation, neither party has submitted evidence regarding that expense, so we treat that factor as neutral. Taken together, the factors weigh in favor of dismissal without prejudice.

Because both standards support Wolverine's request, the motion to dismiss without prejudice is GRANTED.

## III. The Government's Request To File A Sur-Reply Is Granted

"Generally, sur-replies are disfavored, particularly if a non-movant has nothing new to say and simply seeks to get the last word." *Beechcraft Def. Co., LLC*, ASBCA No. 61743 *et al.*, 23-1 BCA ¶ 38,283 at 185,888 n.2. Even so, we may allow a sur-reply in certain cases, such as when the movant raises new facts or arguments for the first time in the reply brief. *Id.* (citing *Cooper/Ports Am., LLC*, ASBCA Nos. 61349, 61350, 19-1 BCA ¶ 37,285 at 181,406 n.1).

Here, the government seeks leave to file a sur-reply to address Wolverine's assertion that the Air Force "deliberately mischaracterizes Appellant's motion as being

---

* The government expresses its concern that dismissal without prejudice would permit Wolverine to refile its appeal at any time (gov't resp. at 2). Of course, as the government surely recognizes, this is only a problem because the government has neglected to issue a final decision on Wolverine's May 31, 2023 claim. 41 U.S.C. § 7103(f). If the government remedies that failure, Wolverine will be subject to the appeal periods provided in 41 U.S.C. § 7104.

5

sought under Rule 18" (gov't sur-reply br. at 1). In addition, the government seeks to address Wolverine's argument that the Board has inherent authority to dismiss without prejudice (*id.* at 1-2). Because these points were either raised for the first time or expanded upon in the reply, the government's request to file a sur-reply is GRANTED. That said, neither Wolverine's allegation that the government mischaracterized its motion, nor the government's rebuttal of the same made any difference in our consideration of the motion.

Dated: March 25, 2026

ERIC E. LAUFGRABEN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

DAVID D'ALESSANDRIS
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 63877, Appeal of Wolverine Tube, Inc., rendered in conformance with the Board's Charter.

Dated: March 26, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals